## *In re* UNION EL. R. CO.

(*Supreme Court, General Term, Second Department.* February 12, 1890.)

1. EMINENT DOMAIN—COMPENSATION—ABUTTING OWNERS.

In proceedings by a railroad company for the condemnation of a right of way in a street in which the abutting owners have a mere easement, the measure of damages is the difference in the value of the property before and after the construction of the railroad. Following *In re Railroad Co., ante,* 78.

**2. Same—Petition.**
In such proceedings there can be no land taken for station, engine-house, etc., where no necessity is stated for such a condemnation in the petition.

**3. Same—Appeal—Objections not Raised Below.**
An objection that the petition is uncertain, because of its disjunctive form in stating that the petitioner is unable to acquire title to the property asked for because the owner would not sell the land and rights for a reasonable price, or because the owner could not be found, cannot be raised for the first time on appeal from an order confirming the award of the commissioners.

Appeal from special term, Kings county.

Petition of the Union Elevated Railroad Company for the condemnation of a right of way on Fifth avenue, Brooklyn, in front of the property of James C. Jewett, who appeals from the decree of the special term confirming the commissioners' report.

Argued before BARNARD, P. J., and DYKMAN, J.

*James R. Torrance, (Benjamin F. Tracy, of counsel,)* for appellant. *Wingate & Cullen,* for respondent.

BARNARD, P. J. The appellant Jewett is the owner of land situated on Fifth avenue, Brooklyn. The Union Elevated Railroad, by legal authority, laid its road on this street, and this proceeding was instituted to assess the damage which ought to be paid to the land-owner therefor. The commissioners followed the true rule,—the difference in value between the property as it was before the road is constructed and as it will be after constructed. The land taken must be paid for at its full value, but as this was subject to the easement of a right of public travel over it as a city street, the additional taking was only nominal. The rule of damages as followed by this commission was recently affirmed by this court in *Re Railroad Co., ante,* 78.

The description of the land as stated in the petition is sufficient. No objection was taken to any defect in this respect, although the order itself was on other grounds opposed. There is no indefiniteness. The law gives the right to build a road for two tracks. The petition stated that Mr. Jewett owned adjacent lands, with a claim to an easement in this street, and that the property of the owner in the street in front of Mr. Jewett's land was required for that purpose. The lands to be taken, and the manner of taking, being required by law, so far as respects the road itself, no greater particularity was needed, and none was asked for. There could be no land taken for station, engine-house, etc., under this petition. No necessity is stated for such a condemnation, and the necessity for such taking was a fact issuable by the land-owner, if he chose to make it an issue.

The fact of the inability of the company to obtain the title of the owner without the intervention of commissioners is sufficiently stated in the petition. It states that the petitioner is unable to acquire title to the property asked for, because the owner would not sell the land and rights for a reasonable price, or because the owner could not be found. No objection was taken to the petition, and it cannot be doubted that the owner could by denial of the fact compel the petitioner to prove when and how the attempt to acquire title by agreement was prevented. The disjunctive statement, which is subject to criticism as being uncertain as to any individual land-owner, was not objected to, and it is too late, after the order has been affirmed on appeal, to raise the question without an issue as to the fact in the answer of the land-owner. The order should be affirmed, with costs and disbursements.